UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **In re:** | |
| **BENDER SHIPBUILDING & REPAIR CO., INC.,** | Case No.: 09-12626 |
| | Chp. 11 |
| Debtor. | |
| | |
| **GULFMARK OFFSHORE, INC.,** | Adv. Proc. No.: 09-01125 |
| Plaintiff, | |
| v. | |
| **BENDER SHIPBUILDING & REPAIR CO., INC., et al.,** | |
| Defendants. | |

### ORDER GRANTING DEFENDANTS BRUCE J. CROUSHORE, DAVID BARNETT, JOSEPH W. MANGIN, JR., AND FRANK TERRELL'S MOTION TO DISMISS

This matter is before the Court on Defendants Bruce J. Croushore, David Barnett, Joseph W. Mangin, Jr., and Frank Terrell's ("defendants") Motion to Dismiss GulfMark Offshore, Inc.'s claim for breach of fiduciary duty. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(1), and the Court has authority to enter a final order. For the reasons indicated below, the Court concludes that Defendants' 12(b)(6) Motion to Dismiss is due to be GRANTED.

### FACTS

This matter arises from a dispute over a shipbuilding contract entered in July 2007 between GulfMark Offshore, Inc., ("GulfMark) and Bender Shipbuilding & Repair Co., Inc. ("Bender") (an Alabama corporation) for the construction of three vessels at a price of

1

$75,000,000.00. Upon completion of the final drawings for the vessels the parties agreed to increase the contract price to $76,500,000.00. GulfMark agreed to pay Bender for the vessels pursuant to a Milestone Payment Schedule, as is typical in the industry. On October 13, 2008, GulfMark and Bender revised their contract by executing Change Order # 7004. Under the Change Order, GulfMark was required to make an accelerated payment of $8,000,744.00 to Bender.

In March 2009, GulfMark sent Bender a Notice of Default asserting, among other things, that Bender mismanaged, misapplied, and converted funds paid by GulfMark to Bender under their contract for the vessels. GulfMark filed a Complaint against Bender Shipbuilding & Repair, Co., Thomas Bender, Jr., Bruce J. Croushore, David Barnett, Joseph W. Mangin, Jr., and Frank Terrell on May 6, 2009, in the United States District Court for the Southern District of Alabama. Count VIII of the Complaint is a claim for breach of fiduciary duty against the Officers and Directors (Croushore, Barnett, Mangin, and Terrell). GulfMark asserts that at the time the Change Order was executed, the Directors and Officers knew Bender was insolvent, or in the zone of insolvency, and lacked the ability or intent to perform under the shipbuilding contract. GulfMark further alleges that the Directors and Officers owe a heightened duty of care and loyalty to the creditors of Bender while the corporation is in the zone of insolvency, and that defendants violated that duty when Bender accepted the $8,000,744.00 advance payment from GulfMark.

The District Court referred this case to the Bankruptcy Court for the Southern District of Alabama on November 6, 2009. On December 31, 2009, Defendants Croushore, Barnett,

Mangin, and Terrell filed a Rule 12(b)(6)[1] Motion to Dismiss the claims against them for breach of fiduciary duty, arguing that an Alabama corporation does not owe any fiduciary duties to creditors regardless of solvency. The Court heard oral argument on the matter on February 9, 2010, and took the matter under advisement.

## LAW

### I.

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must contain sufficient factual allegations such that it raises a right to relief above the speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In assessing the merits of a Rule 12(b)(6) motion, the Court must assume that all factual allegations set forth in the complaint are true. *See, e.g. Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002). Because all factual allegations are taken as true, the failure to state a claim for relief presents a purely legal question. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1269 n.19 (11th Cir. 2009).

### II.

"When proceedings pursuant to the grant of jurisdiction under 28 U.S.C. § 1334 covering civil actions related to bankruptcy proceedings, federal courts employ the forum state's choice of law doctrines where the underlying rights and obligations are defined by state law." *Mukamal v. Bakes*, 383 B.R. 798, 814 (S.D. Fla. 2007) (internal citations omitted). *See also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In considering this Motion to Dismiss, the

---

[1] Federal Rule of Civil Procedure 12(b)(6) is incorporated under Federal Rule of Bankruptcy Procedure 7012 to apply in adversary proceedings before this Court.

Court must apply Alabama choice of law rules. Although the Alabama Supreme Court has not made a definitive statement regarding choice of law in cases of breach of fiduciary duty, the Second Restatement of Conflict of Laws, which the Alabama Supreme Court has followed with frequency, indicates that the local law of the state of incorporation should be applied to determine the existence and extent of a director's or officer's liability to its creditors and shareholders. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 309 (1971). Because Bender Shipbuilding & Repair, Co., Inc. is an Alabama corporation with its principal place of business in Alabama, this Court will apply Alabama law in addressing GulfMark's breach of fiduciary duty claim.

### III.

Count VIII of GulfMark's complaint is a direct claim against the Officers and Directors of Bender for breach of fiduciary duty. In support of its assertion that it may bring a direct claim against the Officers and Directors, GulfMark cites *Boykin v. Arthur Andersen & Co.*, 639 So.2d 504 (Ala. 1994). In *Boykin*, two shareholders sued former officers for fraud, conspiracy, professional negligence, and breach of fiduciary duty. The Alabama Supreme Court found that individual shareholders had standing to bring a suit directly against former officers and directors rather than derivatively. *Boykin* is distinguishable from the present case because GulfMark is not a shareholder. Instead, it is a creditor attempting to assert a direct cause of action for a breach of fiduciary duty.

A creditor of a corporation does not have a right to assert direct claims for breach of fiduciary duty but may sue a director or officer derivatively on the corporation's behalf. *See Torch Liquidating Trust v. Stockstill*, 561 F.3d 377 (5th Cir. 2009); Lowell *Staats Min. Co., Inc.*

4

v. *Philadelphia Elec. Co.*, 878 F.2d 1271 (10th Cir. 1989); *Mukamal v. Bakes*, 383 B.R. 798 (S.D. Fla. 2007); *Seidel v. Byron*, 405 B.R. 277 (N.D. Ill. 2009); *In re MS55*, Inc., 420 B.R. 806 (Bankr. D. Colo. 2009); *In re Musicland Holding Corp.*, --- B.R. ----, 2010 WL 533119 (Bankr. S.D.N.Y. 2010); *In re BH S & B Holdings, Inc.*, 420 B.R. 112 (Bankr. S.D.N.Y. 2009); *In re TOCFHBI, Inc.*, 413 B.R. 523 (Bankr. N.D. Tex. 2009); *North American Catholic Educational Programming Foundation, Inc. v. Gheewalla*, 930 A.2d 92 (Del. 2007). Count VIII of GulfMark's complaint seeks to recover for harms suffered due to a breach of fiduciary duty by the directors and officers. It does not assert any claims on behalf of Bender Shipbuilding and Repair Co., Inc. and cannot be considered a derivative claim.

### IV.

GulfMark not only has failed to assert a derivative claim, it is also seeking relief under a cause of action that is not recognized in Alabama. Alabama law states: "Directors, agents, and officers of a corporation are trustees for its stockholders, but not for its creditors; and this whether the corporation is solvent or insolvent." *Force v. Age-Herald Co., et al.*, 33 So. 866, 868 (Ala. 1903) (*citing O'Bear Jewelry Co. v. Volfer*, 17 So. 525 (Ala. 1895)). Alabama recognizes that creditors may seek recourse against directors and officers under theories of contract or fraudulent conveyance law, and officers and directors may be personally liable for torts, s*ee Galactic Employer Services, Inc. v. McDorman*, 880 So.2d 434 (Ala. Civ. App. 2003), but Count VIII of GulfMark's complaint is not couched in any such theory. Instead, being a direct claim for breach of fiduciary duty, GulfMark's claim against the Directors and Officers fails under Alabama law.

This ruling is limited to the Director's and Officer's Motion to Dismiss Count VIII of GulfMark's complaint only. It does not address any tort claims that may be brought forward, nor does it address any claims the Unsecured Creditors Committee might raise. It is limited to actions by specific creditors and should not be construed to impact whether creditors acting on behalf of Bender derivatively might have a different result.

Taking all of GulfMark's factual allegations as true, there is no basis that would permit Count VIII of the complaint to move forward because GulfMark has not asserted a derivative claim and Alabama does not recognize liability of directors and officers to individual creditors for breach of a fiduciary duty. Therefore, it is **ORDERED** that Defendants Croushore, Barnett, Mangin, and Terrell's Motion to Dismiss Count VIII is due to be **GRANTED**.

Dated: February 24, 2010

/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE